*700 OPINION OF THE COURT
Alan C. Marin, J.
This is claimant Clinton Turner’s motion for summary judgment on liability under the Unjust Conviction and Imprisonment Act of 1984, which is section 8-b of the Court of Claims Act; for its part, defendant cross-moves to dismiss Mr. Turner’s claim.
Turner was arrested on October 17, 1987 in connection with the Queens County robbery of one William Clarke, and convicted after a jury trial in August of 1988 of robbery in the first degTee and grand larceny in the fourth degree.[1] He was sentenced on October 21, 1988 to two concurrent terms of 10 to 20 years' imprisonment, and was paroled in 1997.[2]
In the pretrial phase of his criminal case, Turner had requested the name of any person who was to be called as a witness who was known, or with due diligence could have been known, to have a criminal record. The prosecution failed to respond to the request; in fact, Mr. Clarke did have a criminal record. When Clarke testified at Turner’s trial, the potential impeachment evidence was not used.
In 1993, Clarke told Turner’s wife that he had lied about being attacked by claimant and signed an affidavit to that effect. Turner then sought to have his convictions vacated under CPL 440.10, but his motions were denied.[3] A number of years later, Turner brought a habeas corpus petition in federal court which was successful, and his convictions were vacated. (Turner v Schriver, 327 F Supp 2d 174 [ED NY 2004].) On January 4, 2005, the prosecution moved for dismissal, which was granted January 5, 2005.
*701 The Unjust Conviction and Imprisonment Act Requires Specific Grounds for Vacatur
Unless an individual is retried and acquitted, under the Unjust Conviction and Imprisonment Act the vacatur of a judgment of conviction must be based upon enumerated grounds, which for our purposes include paragraphs (a), (b), (c), (e) and (g) of subdivision (1) of section 440.10 of the Criminal Procedure Law. The remaining three paragraphs of subdivision (1) cannot serve as a basis for going forward under the Act. Subdivision (1) reads as follows, with the enumerated paragraphs set out first:
Paragraphs (a), (b), (c), (e) and (g) (Section 8-b Predicates)
“(a) The court did not have jurisdiction of the action or of the person of thé defendant; or “(b) The judgment was procured by duress, misrepresentation or fraud on the part of the court or a prosecutor or a person acting for or in behalf of a court or a prosecutor; or
“(c) Material evidence adduced at a trial resulting in the judgment was false and was, prior to the entry of the judgment, known by the prosecutor or by the court to be false; or . . .
“(e) During the proceedings resulting in the judgment, the defendant, by reason of mental disease or defect, was incapable of understanding or participating in such proceedings; or . . .
“(g) New evidence has been discovered . . . which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant . . . .”
The Other Paragraphs: (d), (f) and (h)
“(d) Material evidence adduced by the people at a trial resulting in the judgment was procured in violation of the defendant’s rights under the constitution of this state or of the United States; or . . .
“(f) Improper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom; or . . .
*702 “(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.”
Federal Judge Gershon in the concluding paragraph of her decision granting Turner’s habeas corpus petition stated:
“To clarify, this court holds that there has been a violation of due process based upon Brady v. Maryland for failure to turn over material impeachment evidence; that holding is sufficient in itself to require relief. In addition, on the facts of this case, there has also been a violation of due process based upon the admission of perjured testimony which the prosecutor should have known was false”[4] (327 F Supp 2d at 187).
Judge Gershon’s finding of a Brady violation does not fall within any of the section 440.10 (1) predicate paragraphs. Impeachment evidence is not new evidence within the meaning of section 440.10. (People v Taylor, 246 AD2d 410 [1st Dept 1998], lv denied 91 NY2d 978 [1998]; People v Latella, 112 AD2d 321 [2d Dept 1985].) Leka v State of New York (16 AD3d 557 [2d Dept 2005]) upheld the dismissal of a section 8-b claim on the ground that the failure to disclose Brady material, as determined by the Second Circuit in a habeas corpus petition,[5] was not based on a ground set forth in the Unjust Conviction and Imprisonment Act. (See also Tyson v State of New York, 182 Misc 2d 707 [Ct Cl 1999], affd 280 AD2d 934 [4th Dept 2001], lv denied 96 NY2d 714 [2001]; Bumbury v State of New York, Ct Cl, Mar. 30, 2006, Scuccimarra, J., Claim No. 107877, Motion No. M-70858, UID No. 2006-030-523.)[6]
Turner’s claim is distinguishable from a recent Second Department case relied upon by claimant, Baba-Ali v State of *703 New York (20 AD3d 376 [2005]), in which medical records from two examinations showed no signs that Mr. Baba-Ali had abused his daughter. The withholding of the medical records of the daughter’s examinations was ruled deliberate and fraudulent satisfying paragraph (b) of CPL 440.10 (1); the records were deemed newly discovered evidence under paragraph (g).
As for Judge Gershon’s conclusion at the end of the above-quoted paragraph that perjured testimony[7] was admitted which Turner’s prosecutor should have known was false and that such was a violation of due process, constitutional violations are not comprehended by section 8-b (see CPL 440.10 [1] [d], [h]). However, paragraph (c) of section 440.10 (1) is more promising from claimant’s vantage, although limited on its terms to evidence that was known to be false. With that said, claimant cites persuasive precedent that paragraph (c) covers the situation when the falsity of the evidence should have been known by the prosecutor, and therefore the paragraph (c) predicate is satisfied here. (People v Stern, 226 AD2d 238, 240 [1st Dept 1996]; People v Thomas, 226 AD2d 484, 485-486 [2d Dept 1996].)
Proving Innocence
The Unjust Conviction and Imprisonment Act requires that a claimant prove his innocence, and such can be tested at an early stage in the lawsuit. (See Britt v State of New York, 260 AD2d 6, 20 [1st Dept 1999, Rosenberger, J., concurring], lv denied 95 NY2d 753 [2000]; David W. v State of New York, 27 AD3d 111 [2d Dept 2006].)
The Second Department, in ruling on the claimant’s CPL 440.10 motion relating to Clarke’s recantation, stated that “[u]nder the circumstances of this case the court correctly found that the witness’s recantation was incredible” (215 AD2d at 703). However, the information adduced before Justice Ralph Sherman was not as complete as that which could be brought out at a trial under section 8-b, and no precedent has been cited that such would collaterally estop the unjust conviction action in the Court of Claims. It is undisputed that, in addition to Turner and Clarke, two other men were present at the relevant time. One of the men, Joseph Jones, submitted an affidavit that was part of the motion papers before Justice Sherman, but it lacked detail. Moreover, Clarke and other witnesses could be heard in person.
*704 This court tried an unjust conviction case a number of years ago in which the core element was a recantation, about which it was noted: “Inherent, of course, in any recantation is that the witness has lied once about what happened; nonetheless, compliance with the Court of Claims Act § 8-b evidentiary requisite could be satisfied with sufficiently credible evidence” (Morales v State of New York, 183 Misc 2d 839, 848-849 [Ct Cl 2000, Marin, J.], affd 282 AD2d 245 [2d Dept 2001]).
In view of the foregoing, having considered the parties’ submissions, it is ordered that both claimant’s motion (No. M-72048) and defendant’s cross motion (No. CM-72245) be denied.

. The jury had also convicted on robbery in the third degree, but the trial court dismissed that count. (Decision and order of Justice Joseph G. Golia, dated June 14, 1996, slip op at 2, claimant’s notice of motion, exhibit E)

. Turner complies with the basic prerequisites of paragraph (a) of subdivisions (3) and (5) of section 8-b requiring documentary evidence that he was convicted of one or more crimes, was sentenced to a term of imprisonment and served all or at least part of his sentence. (See Turner v Schriver, 327 F Supp 2d 174 [ED NY 2004], appended to claimant’s notice of motion as exhibit I; see also exhibits D, F thereto.)

. The denial of the first motion was affirmed by the Second Department. (People v Turner, 215 AD2d 703 [2d Dept 1995].) The second motion was denied in an unreported decision and order by Justice Joseph G. Golia, dated June 14, 1996, and the application requesting leave to appeal was denied by the Second Department on October 2, 1996. (Claimant’s notice of motion, exhibit F.)

. Judge Gershon stated:
“This case initially presented two issues involving perjured testimony admitted at trial. The first, which petitioner does not pursue, is that Mr. Clarke lied about the facts of the crime and whether a crime was even committed. The second, which is intertwined with the Brady claim discussed earlier, is that Mr. Clarke lied about his conviction record” (327 F Supp 2d at 186).

. (Leka v Portuondo, 257 F3d 89 [2d Cir 2001].)

. This and other decisions of the Court of Claims may be found on the court’s Web site: <http://www.nyscourtofclaims.state.ny.us/>.

. Clarke falsely testified on the stand that he did not have a criminal record; such impeachment evidence was material. (327 F Supp 2d at 187.)