OPINION OF THE COURT
Faviola A. Soto, J.
Defendant the State of New York brings this pre-answer motion, pursuant to CPLR 3211 (a) (5), to dismiss this Court of Claims Act § 8-b claim for unjust conviction and imprisonment. The State asserts that
“claimant is collaterally estopped from re-litigating his claim of actual innocence where said issue was already litigated and decided against him in his CPL § 444.10 hearing, and, as a result, claimant cannot satisfy the pleading requirements under § 8-b (3) (b) (ii) and (4), to demonstrate that his convictions were reversed on grounds evidencing innocence.”
Claimant opposes, the State replies, and claimant surreplies. In addition to the submissions, the court heard oral argument from both sides.
Court of Claims Act § 8-b
Court of Claims Act § 8-b is clear in its intent:
“The legislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages.” (§ 8-b [1].)
In enacting the provisions of section 8-b, the legislature intended “that those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned be able to recover damages against the state.” (Id.) Further, in light of a section 8-b claimant’s substantial burden of proof, the legislature intended that “the court, in exercising its discretion as permitted by law regarding the *676 weight and admissibility of evidence” submitted by a section 8-b claimant, “shall, in the interest of justice, give due consideration to difficulties of proof caused by the passage of time, the death or unavailability of witnesses, the destruction of evidence or other factors not caused by such persons or those acting on their behalf.” (Id. )
In relevant part to this motion, to present a section 8-b claim, claimant “must establish by documentary evidence” that he was convicted of one or more state felonies or misdemeanors, was sentenced to imprisonment, and served part or all of that sentence (§ 8-b [3]) and that claimant was:
“pardoned upon the ground of innocence of the crime or crimes for which he was sentenced and which are the grounds [of] the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument [was] dismissed [on one of the enumerated grounds].” (§ 8-b [3] [b] [i], [ii].)
These grounds include dismissal under Criminal Procedure Law § 440.10 (1) (a), (b), (c), (e) or (g). (Court of Claims Act § 8-b [3] [b] [ii] [A].)
CPL 440.10 provides that the court in which judgment was entered may, upon defendant’s motion, vacate such judgment upon various enumerated grounds, including:
“New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at trial the verdict would have been more favorable to the defendant.” (CPL 440.10 [1] [g].)
The claim, verified by claimant, must state facts in “sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument.” (Court of Claims Act § 8-b [4] [a].) For a claimant to obtain a judgment in his favor, he must prove, by clear and convincing evidence, that
“he has been pardoned upon the ground of innocence of the crime or crimes for which he was *677 sentenced and which are the grounds [of] the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory dismissed; provided that the judgment was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law . . . and “(c) he did not commit any of the acts charged in the accusatory instrument.” (§ 8-b [5] [a], [b] [i], [ii]; [c].)
Innocence is the linchpin of a section 8-b claim. (Ivey v State of New York, 80 NY2d 474 [1992].)
The Claim
Claimant’s 24-page verified claim, filed March 17, 2016, alleges, and attaches exhibits regarding, the following: his February 15, 1989 indictment and subsequent conviction on two counts of murder; his sentencing and commitment to two consecutive terms of 20 years’ to life imprisonment; his serving 27 years of imprisonment; the April 23, 2013 CPL 440.10 motion, by the then pro se defendant, to vacate his conviction based on newly discovered evidence, ineffective assistance of trial counsel, and actual innocence; and the June 19, 2013 memorandum decision of Justice Desmond A. Green granting a hearing on the CPL 440.10 motion based on that part of defendant’s motion “limited to defendant’s current claim of ‘actual innocence’ with newly discovered evidence.” (Mem decision, dated June 19, 2013, at 1.)
The claim recounts the CPL 440.10 hearing and attaches Justice Green’s 53-page decision and order dated May 29, 2015, which granted the motion on the basis of newly discovered evidence and ineffective assistance of counsel. He found that defendant had “made a prima facie showing sufficient to warrant a full exploration of his actual innocence claims” (decision and order at 47), but also found that the “evidence and witnesses presented by the defense did not meet the standard of clear and convincing evidence for actual innocence whereby the indictment would be dismissed pursuant to CPL 440.10 (4).” (Decision and order at 48.)
Justice Green vacated the conviction, ordered a new trial and remanded the matter back to the trial court.
*678 While this court makes its own determinations, the court notes aspects of the decision and order as it relates to whether claimant has met his pleading requirements on this section 8-b claim, including a showing of actual innocence, and whether the decision and order provides, as asserted by the State in the instant motion, the basis for a finding of collateral estoppel. Among other matters addressed in the decision and order was the testimony of witnesses and the evidence presented at the criminal trial and at the CPL 440.10 hearing.
Notable is the testimony of (now former) Detective Louis Scarcella at the criminal trial, and then at the hearing. Mr. Scarcella testified as to the procedures he followed, his investigation, and witness interviews. He also testified as to a statement from the defendant that implicated him in the murders, although the defendant consistently denied having made any such statement, no notes were taken and the statement was not given to defendant to sign, and, as noted by the hearing court, the phrasing was similar to ones Mr. Scarcella attributed to other defendants in cases he handled and testified at.
The court noted, inter alia, “the new evidence of Scarcella’s propensity to embellish or fabricate” and cited various cases where convictions have been overturned due to Scarcella’s conduct and troubling practice and pattern. (Decision and order at 45-46.)
At various points, the decision and order left factual determinations to the finder of fact at trial. For example, that court noted that the “evaluation of any inconsistencies, as with the testimonies of the police officers in this case and other witnesses, would be for the finder of fact.” (Decision and order at 43.)
At the ordered June 4, 2015 proceeding, the People informed the court that they were not retrying the case and not appealing the court’s decision, and Justice Green ordered the indictment dismissed.
Collateral Estoppel
Collateral estoppel “is grounded on concepts of fairness and should not be rigidly or mechanically applied.” (D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990].) It is
“a component of the broader doctrine of res judicata which holds that, as to the parties in a litigation and those in privity with them, a judgment on the *679 merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent [matter].” (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979].)
Absence of Privity
Privity does not have a single well-defined meaning within the context of collateral estoppel (Matter of Juan C. v Cortines, 89 NY2d 659, 667 [1997]), and is “an amorphous concept not easy of application.” (D’Arata at 664.) Although a party seeking to invoke the doctrine need not have been the original party (B. R. DeWitt, Inc. v Hall, 19 NY2d 141 [1967]), the issues surrounding privity must be carefully examined:
“In addressing privity, courts must carefully analyze whether the party sought to be bound and the party against whom the litigated issue was decided have a relationship that would justify preclusion, and whether preclusion, with its severe consequences, would be fair under the particular circumstances. Doubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate.” (Buechel v Bain, 97 NY2d 295, 304-305 [2001].)
As to the requisite element of privity, the court first notes that here the defendant appears to argue that it is in privity with the District Attorney, so as to benefit from the application of collateral estoppel against the section 8-b claimant, whereas in other section 8-b claims, where it is the claimant who seeks to estop the State from challenging certain findings made at the section 440.10 criminal hearing and the re-retrial, the defendant, successfully, has taken the opposite position. (See e.g. Restivo v State, Ct Cl, Mar. 5, 2009, Lopez-Summa, J., UID No. 2009-045-008.)
For purposes of this motion, the court has carefully considered the actual circumstances of the relationship between, and the statutory relationship of, the DA and the AG. (See Matter of Juan C. v Cortines, 89 NY2d at 668.) These two governmental agencies have distinct functions and responsibilities and a different allocation of authority. An assistant attorney general is a “state officer” and an assistant district attorney is a “local officer” as those terms are statutorily defined under Public Officers Law § 2. (See Fisher v State of New York, 10 NY2d 60 *680 [1961].) The AG has numerous civil responsibilities (Executive Law § 60 et seq.) (and, in certain circumstances not found here, criminal responsibilities), and, here, represents the State in this section 8-b civil action. The DA prosecutes criminal cases in the name of the People of the State, and represented the People in the CPL 440.10 hearing and subsequent proceeding. Unlike in those limited instances where, for example, the DA’s Office was found to be in privity with the New York State Division of Parole, here there was no unique relationship between the DA and the AG so as to establish privity.
The State here has failed to show the element of privity so as to invoke collateral estoppel.
Absence of Identical Issue Necessarily Decided in Prior Action
“As the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party [has not been] precluded from obtaining at least one full hearing on his or her claim.” (Gramatan Home Investors Corp. at 485.)
The party seeking to invoke collateral estoppel must demonstrate that “the identical issue necessarily must have been decided in the prior action and be decisive of the present action.” (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985].)
Here, the State has not demonstrated that the identical issue was necessarily decided in the criminal court and has not shown that it is decisive in this section 8-b claim. While the State points to certain language found in the section 440.10 decision, a close reading of the wording, particularly within its context, does not support the State’s argument. The analysis applied by the criminal court in determining whether to grant the CPL 440.10 motion on actual innocence grounds was in the context of whether to then dismiss the indictment. The court need not have decided and did not decide the ultimate issue of actual innocence, as it granted the CPL 440.10 motion and remanded for a new trial. And, the issue of actual innocence was not decided in a new trial, as the People decided not to proceed to trial.
Lack of a Full and Fair Opportunity to Litigate the Issue in Prior Action
“[T]he party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity *681 to litigate the issue in the prior action.” {Id. at 456.) The realities of litigation must be considered when determining whether a party had a full and fair opportunity to contest the prior decision. (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 153 [1988].)
“[T]he fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests [of] consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings.” {Id. at 153.)
Here, claimant has shown that within these criminal proceedings he did not have a full and fair opportunity to litigate the issue of actual innocence as that issue is determined within the context of a claim for damages in a section 8-b claim. As noted, the issue of whether to grant the CPL 440.10 motion based on actual innocence due to new evidence was necessarily decided within the framework of a CPL 440.10 motion and hearing. That the indictment was not then dismissed on the grounds of actual innocence based on new evidence does not equate to a finding that claimant was not innocent, and that issue was not determined, as at the retrial the People decided not to retry the case. (Even had a retrial proceeded, and assuming an acquittal would have resulted, that itself would not have resulted in a finding that claimant met the burden of proof in a civil section 8-b claim.) Moreover, it is not clear if claimant could have appealed that part of the CPL 440.10 decision, as it appears that he would have been deemed the successful party, and as the People choose not to appeal, the ultimate issue of actual innocence has not been reached. And, when viewing the realities of a CPL 440.10 motion and hearing, it appears fundamentally inequitable to dictate that a claimant, in order not to lose the redress provided to him by the legislature in a section 8-b claim, should somehow have to “voluntarily” continue to be imprisoned, to pursue and “force” a ruling only on that part of CPL 440.10 on actual innocence, or, although a claimant has no such power, mandate that the People retry the case.
*682 Section 8-b
The court additionally notes that both the intent and the language of section 8-b demonstrate that equitable estoppel should not apply under the circumstances herein to bar the claimant from pursuing his claim in this court. Contrary to the State, its cited cases and arguments do not show otherwise.
Generally, and here, the information adduced at a CPL 440.10 hearing is “not as complete as that which could be brought out at a trial under section 8-b, and no precedent has been cited that such would collaterally estop the unjust conviction action in the Court of Claims.” (Turner v State of New York, 14 Misc 3d 699, 703 [Ct Cl 2006, Marin, J.], affd 50 AD3d 890 [2008].) Generally, and here, this court decides the very questions that need not and often are not determined by a criminal court (or in an action in federal court or state supreme court, civil). (See Duval v State of New York, Ct Cl, Oct. 4, 2002, Patti, J., UID No. 2002-013-034.)
Section 8-b does not state that its pleading requirements can be met only if the accusatory instrument was dismissed on actual innocence grounds. Indeed, applying “well-settled statutory construction” analysis (as the Court of Appeals did in reading other section 8-b language in Ivey [at 480]), section 8-b specifically provides otherwise. To so construe section 8-b would render “the statute internally contradictory” and “transgress the well-established precept that every part of a statute is to be given effect and meaning, and no word may be excised by the courts in such a way as to deprive it of meaning and effect.” (Id.) Nor should this court construe the statute so as to erect barriers where the legislature has not so provided.
The legislature has entrusted to the Court of Claims the exclusive jurisdiction to hear and decide section 8-b claims. It is this court’s role, as finder of fact and law, to determine issues of credibility, to weigh the evidence, to decide whether a claimant has met the substantial burden of proof, and, if liability is found in favor of the claimant, to award the measure of damages to justly and fully compensate claimant for the wrongful conviction and imprisonment.
The court does not otherwise opine on the claim.
The State shall file and serve its answer within 40 days of the e-filing of this decision and order.
*683 A conference is scheduled for December 5, 2016, promptly at 10:00 a.m.
Accordingly, it is ordered that defendant’s motion is denied.