People v DeLeon (2021 NY Slip Op 00188)





People v DeLeon


2021 NY Slip Op 00188


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-14650
 (Ind. No. 8153/1995)

[*1]The People of the State of New York, appellant,
v
Eliseo DeLeon, respondent.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for appellant.
Cary London Law, New York, NY (Cary London of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Kings County (Dena E. Douglas, J.), dated November 19, 2019. The order, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Abraham G. Gerges, J.) rendered March 13, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and for a new trial.
ORDERED that the order is affirmed.
"As this Court often states, '[t]he credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record'" (People v Hargrove, 162 AD3d 25, 72, quoting People v Martinez, 58 AD3d 870, 870-871). Further, the decision whether to vacate a judgment of conviction based on newly discovered evidence is addressed to the sound discretion of the hearing court (see People v Salemi, 309 NY 208, 215; People v Thibodeau, 151 AD3d 1548, 1552, affd 31 NY3d 1155). "[A] motion for a new trial based on newly discovered evidence should only be granted if the court finds, as a factual matter, that the movant has demonstrated that '[1] [n]ew evidence has been discovered since the entry of a judgment . . . [2] which could not have been produced by the defendant at the trial even with due diligence on his part and [3] which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant'" (People v Hargrove, 162 AD3d at 59-60, quoting CPL 440.10[1][g]).
Here, the defendant moved for vacatur of his judgment of conviction and for a new trial based on the newly discovered evidence that former New York Police Department detectives Louis Scarcella and Steven Chmil, both of whom played a significant role in the defendant's arrest and the attendant police investigation in this case, had subsequently been found to have engaged in corrupt police practices and misconduct during the same period of time, which had, inter alia, resulted in the vacatur of other convictions in other cases (see e.g. People v Hargrove, 162 AD3d at 58; People v Moses, 58 Misc 3d 1226[A] [Sup Ct, Kings County]; Shakur v State of New York, 54 Misc 3d 674, 677 [Ct Cl.]).
Over the course of four separate hearing days where only Scarcella and Chmil [*2]testified, the Supreme Court had the benefit of hearing them testify at length about their actions in this case, as well as their actions in other cases. Contrary to the People's contention, the record supports the court's finding that, based on Scarcella's and Chmil's significant involvement in the case, newly discovered evidence of their misconduct would have furnished the jury with a different context in which to view all of the evidence in this case, including the defendant's purported inculpatory statement made to these detectives which the defendant has denied making, and further, that evidence of their misconduct was of such a character to create a probability that, had such evidence been received at trial, the verdict would have been more favorable to the defendant (see People v Hargrove, 162 AD3d at 59-60).
The People's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court