People v Spencer (2022 NY Slip Op 05339)

People v Spencer

2022 NY Slip Op 05339

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-01562
 (Ind. No. 11280/87)

[*1]The People of the State of New York, respondent,
v
Gerald Spencer, appellant.

James Henning & Associates, Brooklyn, NY (James D. Henning, Craig Phemister, Pierre Sussman, and Jonathan I. Edelstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Dena E. Douglas, J.), dated January 4, 2021, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court (Ronald J. Aiello, J.) rendered April 12, 1989, convicting him of murder in the second degree, attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree (felony murder), attempted murder in the first degree, attempted murder in the second degree, assault in the first degree (felony assault), assault in the second degree (felony assault), and related weapon possession crimes, arising from his involvement in three shootings in Brooklyn on December 13, 1987, one which resulted in a fatality, and two others which resulted in injuries to a police officer and to Dick George, a civilian. The defendant was sentenced in April 1989, and the judgment of conviction was affirmed on appeal (see People v Spencer, 212 AD2d 645).
In August 2017, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. In an order dated January 4, 2021, the Supreme Court denied the defendant's motion without a hearing. The defendant appeals.
The defendant sought relief pursuant to CPL 440.10(1)(g) based on newly discovered evidence. First, the defendant presented allegations of corrupt police practices in separate, unrelated police investigations, engaged in by two detectives who were involved in the defendant's case. Second, the defendant presented unsworn statements made by George, who had identified the defendant at trial, including a statement made to the Conviction Review Unit of the Kings County District Attorney's Office, that he was uncertain about whether the defendant was his assailant, and that he "felt" that the detective who showed him a photo array while he was in the hospital "was attempting to 'assist' [him]" in the selection of the defendant.
CPL 440.10(1)(g) provides, in pertinent part, that a court may vacate a judgment of conviction upon the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant." Whether the defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination (see People v Jones, 24 NY3d 623, 634-635).
To vacate a judgment of conviction based on newly discovered evidence, a defendant must demonstrate that the newly discovered evidence fulfills all the following requirements: "1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence" (People v Hargrove, 162 AD3d 25, 55 [internal quotation marks omitted]). Only the first three criteria listed above have an explicit basis in CPL 440.10(1)(g), while the latter three criteria "have been derived exclusively from case law," and "should be used to evaluate the ultimate issue of whether the new evidence would 'create a probability' of a more favorable verdict" (People v Hargrove, 162 AD3d at 56, 60, quoting CPL 440.10[1][g]). "[I]n order to fully appreciate the likely effect of [the] new evidence at the trial, it . . . must be considered in the context of the relative strength of the People's evidence of guilt" (People v Hargrove, 162 AD3d at 66). Here, given the strength of the other evidence presented by the prosecution at trial, including ballistics evidence and testimony from witnesses other than George, which, inter alia, linked the defendant to the gun used in all three incidents, the Supreme Court's determination that there was no reasonable probability that the verdict would have been more favorable to the defendant had the proffered newly discovered evidence been introduced at trial is supported by the record (cf. People v DeLeon, 190 AD3d 764; People v Hargrove, 162 AD3d 25), and a hearing on that branch of the motion which was to vacate the judgment on the basis of newly discovered evidence was not warranted.
The defendant also sought relief pursuant to CPL 440.10(1)(c), based on an allegation that material evidence adduced at the trial was known by the prosecutor to be false. In support of this branch of the motion, the defendant relied on George's unsworn statement that he told the police and the District Attorney's Office prior to trial that he was uncertain about the identity of his assailant. George also "made it clear that he was not saying that [the defendant] was not the individual that shot him." A defense-retained private investigator interviewed George and submitted an affidavit with the reply papers in support of the defendant's motion, wherein he averred, inter alia, that George largely reiterated his claims to the District Attorney's Office.
Pursuant to CPL 440.10(1)(c), a court may vacate a judgment of conviction when "[m]aterial evidence adduced at trial resulting in the judgment was false and was, prior to the entry of the judgment, known by the prosecutor or by the court to be false." An evidentiary hearing is not required if documentary evidence or sworn statements submitted in support of a motion to vacate a judgment of conviction fail to support the allegations of the moving papers (see id. § 440.30[1][a]; [4][b]). Here, the defendant's submissions in support of his motion failed to support the allegations of prosecutorial misconduct. "Mere conclusory allegations of prosecutorial misconduct are alone insufficient to require a trial court to conduct an evidentiary hearing for the purpose of resolving those allegations" (People v Brown, 56 NY2d 242, 246-247).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion without a hearing.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court