People v Sims (2026 NY Slip Op 01385)

People v Sims

2026 NY Slip Op 01385

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-03543
 (Ind. No. 5843/98)

[*1]The People of the State of New York, respondent,
vAnthony Sims, appellant.

Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York, NY (Ilann M. Maazel, Samuel Shapiro, Nairuby L. Beckles, Law Offices of Thomas Hoffman, P.C., and Jonathan Hiles of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated March 10, 2023, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (James Starkey, J.) rendered June 21, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
In 1999, after a jury trial, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the fourth degree in connection with the May 18, 1998 shooting death of an employee at a Brooklyn restaurant. At trial, the People's evidence with respect to the defendant's guilt included, among other things, the testimony of Julius Graves, the defendant's close friend and the sole eyewitness to the shooting, who identified the defendant as the shooter. The People also presented the testimony of Shalema R., who testified that on the day of the shooting, she was visiting her friend in a second-floor apartment across the street from the restaurant. From the window, she observed two men enter the restaurant. Moments later, after she turned away, she heard loud gunshots. When Shalema R. looked back at the street, she saw the same two men running out of the restaurant. One appeared taller than the other, and the taller man was holding "a big gun." She was unable to identify anyone in the courtroom as someone she had observed on May 18, 1998. The People also introduced evidence that the defendant was taller than Graves.
The defendant was sentenced on June 21, 1999. This Court affirmed the judgment of conviction (see People v Sims, 293 AD2d 692). The defendant's application for leave to appeal to the Court of Appeals was denied on June 28, 2002 (see People v Sims, 98 NY2d 681).
The defendant moved pursuant to CPL 440.10 to vacate the judgment. In support of his motion, the defendant argued, inter alia, that newly discovered evidence, which included a statement of Rachel L. that she had witnessed Graves leaving the restaurant holding a long gun on the day of the shooting, undermined the People's identification theory and was therefore material to [*2]that issue. The defendant also relied on new statements by Shalema R. recanting her trial testimony and asserting, among other things, that she had initially told police that she could not describe the person she saw holding a gun. Shalema R. described tactics used by the police, who separated her from her child and questioned her for hours until she gave a description that matched the defendant. The defendant maintained that it was Graves who shot the victim.
The Supreme Court conducted a hearing on the defendant's motion, at which it heard testimony from Rachel L. and Shalema R., among others. In an order dated March 10, 2023, the court denied the defendant's motion. The defendant appeals, by permission.
CPL 440.10(1)(g) provides that a court may vacate a defendant's judgment of conviction upon the ground that: "New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his [or her] part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence."
"To vacate a judgment of conviction based on newly discovered evidence, a defendant must demonstrate that the newly discovered evidence fulfills all the following requirements: 1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence" (People v Edmondson, 237 AD3d 846, 850 [internal quotation marks omitted]; see People v Hargrove, 162 AD3d 25, 55). The court must make its final decision based upon the likely cumulative effect of the new evidence had it been presented at trial (see People v Bellamy, 84 AD3d 1260, 1261; People v Tankleff, 49 AD3d 160, 179-181). "[I]n order to fully appreciate the likely effect of [the] new evidence at the trial, it . . . must be considered in the context of the relative strength of the People's evidence of guilt" (People v Hargrove, 162 AD3d at 66; see People v Edmondson, 237 AD3d at 850).
The resolution of the inquiry into whether the evidence adduced at the hearing "is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10[1][g]) is dispositive of a court's determination of a motion pursuant to CPL 440.10(1)(g) (see People v Tankleff, 49 AD3d at 180). In carrying out this task, the hearing court is obligated to conduct a critical analysis of the evidence. It cannot merely engage in the mechanical exclusion of such evidence (see id.).
The Supreme Court erred in denying the defendant's motion to vacate the judgment based on newly discovered evidence. At trial, Shalema R. testified that she saw two men fleeing the restaurant and that the taller man was holding "a big gun." Her description of the taller man holding the shotgun corroborated Graves's testimony identifying the defendant as the shooter. At the CPL 440.10 hearing, however, Shalema R. recanted the critical aspects of her trial testimony. She testified that she could not make out any physical characteristics of the fleeing men, that detectives separated her from her four-year-old son during questioning, and that she felt pressured to "fill in" gaps with information that was told to her.
Moreover, at the CPL 440.10 hearing, the defendant proffered testimony of Rachel L., who testified, pursuant to a material witness order, that she was 17 years old at the time of the shooting, that she resided in the building adjacent to Graves's building, and that she knew both the defendant and Graves. She testified that on the day of the shooting, she was standing across the street from the restaurant and heard a loud gunshot. Rachel L. testified that she saw Graves "running out [of] the Chinese restaurant with a long gun" and that Graves had threatened to "shut [her] up" shortly after the defendant's arrest. Rachel L. acknowledged that she initially denied that she saw anything and asserted that she was reluctant to testify at the hearing, explaining that she feared for her safety. When Rachel L.'s testimony is considered in light of Graves's trial testimony and Shalema R.'s recantation, there is a reasonable probability that had such evidence been received at trial, the verdict would have been more favorable to the defendant (see CPL 440.10[1][g]; People [*3]v DeLeon, 190 AD3d 764, 765; People v Deacon, 96 AD3d 965, 969; People v Tankleff, 49 AD3d at 181). Therefore, the Supreme Court erred in denying the defendant's motion to vacate the judgment based on newly discovered evidence (see People v Edmondson, 237 AD3d at 851; People v Deacon, 96 AD3d at 969-970; People v Malik, 81 AD3d 981, 982).
The defendant's remaining contentions are without merit.
Accordingly, we reverse the order, grant the defendant's motion pursuant to CPL 440.10 to vacate the judgment, vacate the judgment, and remit the matter to the Supreme Court, Kings County, for a new trial.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court