People v Jacob
2026 NY Slip Op 03185
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Johnny Jacob, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2017-06785, 2021-09611, (Ind. No. 8380/13)
Lara J. Genovesi, J.P.
William G. Ford
Helen Voutsinas
Donna-Marie E. Golia, JJ.

Justin C. Bonus, Forest Hills, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.

[*1]
DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered June 2, 2017, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated November 30, 2021, which, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.
ORDERED that the judgment and the order are affirmed.
The defendant was convicted, upon a jury verdict, of rape in the first degree (Penal Law § 130.35). Thereafter, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. In an order dated November 30, 2021, the Supreme Court denied the motion without a hearing. This Court granted the defendant leave to appeal from the order and consolidated the appeal from the order with the defendant's direct appeal from the judgment of conviction.
The defendant contends that he was denied his right to testify before the grand jury. Because the defendant did not move to dismiss the indictment on this ground within five days of his arraignment, he has waived this contention (see CPL 190.50[5][c]; People v Zeigler, 128 AD3d 737, 738; People v Occhione, 94 AD3d 1021, 1022).
Contrary to the defendant's contention, this Court is precluded from reviewing the pretrial denial of his motion to dismiss the indictment based on the sufficiency of the evidence before the grand jury, since the judgment of conviction is based on legally sufficient evidence (see CPL 210.30[6]; People v Gilleo, 70 AD3d 1049, 1050).
The Supreme Court properly denied the defendant's motion pursuant to CPL 30.30(1)(a) to dismiss the indictment on the ground that he was deprived of his right to a speedy trial. The total time chargeable to the People was within the permitted six calendar months (see CPL 30.30 [1][a]; [4]); People v Rodriguez, 224 AD3d 783, 783).
Contrary to the defendant's contention, he was not deprived of his right to be present [*2]during jury conferences. A defendant has a right to be present at any material stage of the trial (see CPL 260.20; People v Ramjattan, 219 AD3d 1348, 1351). A defendant does not have a right to be present at a sidebar conference that involves only questions of law or procedure (see People v Velasco, 77 NY2d 469, 472; People v Dunaway, 207 AD3d 742). Here, although the defendant did not waive his Antommarchi rights (see People v Antommarchi, 80 NY2d 247, 250), the record establishes that the challenged conferences involved questions of law or procedure or that he was, in fact, present. Thus, the defendant was not deprived of his right to be present.
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of his constitutional right to a fair trial is unpreserved for appellate review as he raised no constitutional challenge to the Sandoval ruling before the court (see CPL 470.05[2]; People v Grant, 7 NY3d 421, 424). The defendant's further contention that the court improvidently exercised its discretion in its Sandoval ruling is without merit. The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court (see People v Bennette, 56 NY2d 142, 146; People v Murad, 55 AD3d 754, 755). Here, the court's Sandoval ruling struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the potential prejudice to the defendant (see People v Rice, 244 AD3d 1141, 1142; People v Cannon, 239 AD3d 986, 989).
The defendant's contention that the testimony of an assistant director of the Office of the Medical Examiner of the City of New York violated his right to confrontation is unpreserved for appellate review (see CPL 470.05[2]); People v Castro, 149 AD3d 862, 865) and, in any event, without merit. The testifying assistant director performed her own analysis of the DNA profiles, concluded that there was a DNA match, and issued a final report, and she was challenged on cross-examination (see People v Gillespie, 238 AD3d 1172, 1173; People v Sirleaf, 231 AD3d 969, 971).
Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his motion which was to vacate the judgment of conviction on the ground of newly discovered evidence (see CPL 440.10[1][g]), consisting of two reports, which the defendant commissioned after the verdict. The defendant failed to demonstrate that the reports constituted newly discovered evidence and, in any event, failed to show that the reports would probably change the result upon retrial (see People v Wells, 229 AD3d 812; People v Spencer, 208 AD3d 1370).
The Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was to vacate the judgment of conviction on the ground that the prosecutor failed to correct purportedly false witness testimony (see CPL 440.10[1][b]). There is no reasonable possibility that any such correction by the prosecutor would have changed the jury's verdict (see People v Giuca, 33 NY3d 462, 478, People v Wells, 229 AD3d at 813).
Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his motion which was to vacate the judgment of conviction based on the People's committing a Brady (Brady v Maryland, 373 US 83) violation and a Rosario (People v Rosario, 9 NY2d 286) violation when they failed to turn over electronic raw data in discovery. The electronic raw data was not Rosario material as it was not a prior recorded statement of a prosecution witness (see People v DaGata, 86 NY2d 40, 44; People v Metellus, 157 AD3d 821). In addition, the defendant did not explicitly request electronic raw data under CPL former 240.20. The Brady violation claim is likewise without merit because the defendant failed to establish that the electronic raw data was within the People's control, was exculpatory, and, thus, that there is a reasonable possibility that the verdict would have been altered (see People v Giuca, 33 NY3d at 476).
The Supreme Court also properly denied, without a hearing, that branch of the defendant's motion which was to vacate the judgment of conviction on the ground of ineffective assistance of counsel (see CPL 440.10[1][h]). The defendant failed to establish facts sufficient to grant the motion or warrant a hearing (see People v Terrero, 198 AD3d 930, 932; People v Gonzalez, 195 AD3d 641, 642).
GENOVESI, J.P., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court